UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD MICHAEL BILLIOT | CIVIL ACTION |
| VERSUS | NO. 19-12363 |
| RICHARD P. NEAL ET AL. | SECTION "T" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff, Chad Michael Billiot, was a prisoner incarcerated in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana, at the time he filed the captioned suit pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983"). Billiot alleges that he received inadequate and/or delayed medical care from prison officials after slipping on a wet floor that was not properly marked with caution signs. Record Doc. No. 1 at p. 6, ¶ IV. He further states that his legal mail to his appointed criminal counsel is not properly being sent out by prison officials. Id. at p. 7, ¶ IV. Finally, plaintiff alleges unsanitary conditions of confinement in the prison, including "filth [and] mold throughout the entire dormitory," which subjected plaintiff to nausea and vomiting. Id. He states that his requests and grievances concerning his medical care, legal mail and unsanitary prison conditions have been ignored by prison officials. Id. at pp. 6–7, ¶ IV. Plaintiff seeks monetary damages and injunctive relief. Id. at p. 6, ¶ V.

By order dated October 28, 2019, Record Doc. No. 12, plaintiff was ordered to file with the court on or before December 2, 2019: (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently

incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. The record indicates that this order was mailed to plaintiff at the prison address listed on his complaint. This mail has been returned to the court as undeliverable. Record Doc. No. 15. No response from plaintiff has been received.

In response to my order to prison officials requiring that they provide a certified statement of plaintiff's prison trust account, as required by 28 U.S.C. § 1915(a)(2), Record Doc. No. 6, an authorized jail official certified: "Inmate Chad Michael Billiot was in Terrebonne Parish Criminal Justice Complex for 3 months. Inmate was released on October 7, 2019." Record Doc. No. 9 at p. 1. No forwarding address was available.

All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the form Section 1983 complaint used by plaintiff specifically provided: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1 at p. 8, ¶ VI (2). Plaintiff has <u>not</u> provided the court with current contact information of any kind.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v.</u>

Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts traditionally have considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. Cnty. of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474–75 (5th Cir. 1986). Because the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris Cnty. Sheriff's Ofc., 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its order, Local Rules and address change statement on the Section 1983 complaint form to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply clearly reflects a failure on the part of plaintiff to prosecute his case.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge and have sent a copy to the Warden of the Terrebonne Parish Criminal Justice Complex with an order to forward these findings and recommendation to plaintiff's last known address. Plaintiff is

advised that he may object to the Magistrate Judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the court's previous order. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous order as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's findings and recommendation may and probably will result in dismissal of his suit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to these findings and recommendation, the claims of Chad Michael Billiot be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this \_\_12th\_\_ day of December, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**WARDEN**
**TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX**
**3211 GRAND CAILLOU ROAD**
**HOUMA, LA 70363**